IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| James Grant | ) | |
| | ) | |
|     *Plaintiff,* | ) | 15-cv-____ |
| | ) | |
|     -vs- | ) | *(jury demand)* |
| | ) | |
| City of Chicago, | ) | |
| | ) | |
|     *Defendant.* | ) | |

# COMPLAINT

Plaintiff refiles 14-cv-357 and, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132. The jurisdiction of this Court is conferred by 28 U.S.C. §12133.

2. Plaintiff James Grant is a disabled resident of the Northern District of Illinois who requires a wheelchair to ambulate.

3. Defendant City of Chicago is an Illinois municipal corporation.

4. On January 17, 2012, police officers employed by defendant, acting within the scope of their employment, arrested plaintiff, and, knowing that plaintiff required a wheelchair to ambulate, removed him from his wheelchair and dragged him to a police van, causing plaintiff to receive personal injuries.

5. Upon arrival at the van, police officers employed by defendant, acting within the scope of their employment, forced plaintiff into the van without regard to his disabilities, causing plaintiff to receive additional personal injuries.

6. Police officers employed by defendant, acting within the scope of their employment, then transported plaintiff to a police station, where the officers, knowing that plaintiff was unable to walk, required plaintiff to crawl up stairs, receiving additional personal injuries.

7. Thereafter, police officers employed by defendant, acting within the scope of their employment, placed plaintiff into a holding cell which did not have toilet facilities accessible to plaintiff.

8. The officers, acting within the scope of their employment, ignored plaintiff's requests to use a washroom and refused to provide plaintiff with accessible toilet facilities, causing him to urinate in his pants.

9. In undertaking the foregoing acts, the officers acted in deliberate indifference to rights secured to plaintiff by the Americans with Disabilities Act, for which defendant is liable under the doctrine of respondeat superior.

10. Plaintiff demands trial by jury.

5. Upon arrival at the van, police officers employed by defendant, acting within the scope of their employment, forced plaintiff into the van without regard to his disabilities, causing plaintiff to receive additional personal injuries.

6. Police officers employed by defendant, acting within the scope of their employment, then transported plaintiff to a police station, where the officers, knowing that plaintiff was unable to walk, required plaintiff to crawl up stairs, receiving additional personal injuries.

7. Thereafter, police officers employed by defendant, acting within the scope of their employment, placed plaintiff into a holding cell which did not have toilet facilities accessible to plaintiff.

8. The officers, acting within the scope of their employment, ignored plaintiff's requests to use a washroom and refused to provide plaintiff with accessible toilet facilities, causing him to urinate in his pants.

9. In undertaking the foregoing acts, the officers acted in deliberate indifference to rights secured to plaintiff by the Americans with Disabilities Act, for which defendant is liable under the doctrine of respondeat superior.

10. Plaintiff demands trial by jury.

WHEREFORE Plaintiff prays for an award of appropriate compensatory damages and that the costs of this action, including fees and costs, be taxed against defendant City of Chicago.

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC No. 08830399
Joel A. Flaxman
200 South Michigan Ave Ste 201
Chicago, Illinois 60604
(312) 427-3200

*Attorneys for Plaintiff*